DISSENT.

Judge Underwood

dissenting from the majority of the court, delivered his own opinion as follows:

It is my opinion that the judgment ought to be reversed, because the testimony of Todd was rejected by the court. Upon the face of the record, this tes *45 iiuaony was important to the defendant as counteracting the influence which testimony offered by the plaintiff, and admitted by the court, was calculated to have. It is, therefore, manifest, that the testimony of Todd might, in the opinion of the jury, have been entitled to weight. What its extent would have been, it is not important to inquire, for that belonged to the jury. Now when the record shews that a party has been deprived of evidence, in consequence of its rejection by the court, which, if admitted, might have had an important bearing in his favor, it seems to my mind that there has not been a full and fair trial of the cause upon its merits, and hence 1 would, to secure such a trial, reverse the judgment. There is no way to escape the propriety of this conclusion, unless we suppose that the testimony of Todd was given before the evidence which it was intended to counteract had been heard, and that consequently Todd’s testimony at the time it was given, was altogether irrelevant. I am averse to entering upon such conjectures, when the face of the record shews that it was relevant. If the plaintiff who objected to it, did so on account of the. time at which it was offered, I think it was the duty of the court ex officio, after the plaintiff had introduced his evidence, which Todd’s testimony was calculated to counteract, then to withdraw the exclusion of his testimony, and not to permit the exception t© its exclusion to stand as part of the record. If the court will not do this, but permits-the exception to stand, I take it that the court thought the testimony excluded, incompetent under a view of all the facts exhibited by the record, and that it was not excluded merely because it was offered at an improper time. But it seems to me that it does not lie in tbe month of Hutchings to say in this writ, that there should be no reversal, because-the plaintiff in error introduced Todd as a witness to counteract his evidence, before it was heard. The question should rather be, whether Todd’s testimony would have had that effect had it been admitted. Whether it would or not belonged to the jury. Moreover, there is nothing to shew that Todd’s testimony was offered before the evidence which it was designed to counteract. The natural order and *46 practice in such cases, required that it should follow.' Presuming as I do, that the circuit courts conduct business properly,-until the contrary appears, I take it from the record that Todd’s testimony succeeded that which it was intended to counteract, and that the circuit court decided that Todd’s testimony was inadmissable, because it was intrinsically improper, and not because there was nothing before the court which shewed its relevancy at the time of its rejection. This seems to me to be the fair conclusion, from the generality of the exception, which shews no particular reason for excluding the testimony of Tood, and from the whole face of the record; and therefore I think the judgment should be reversed.
Dissent,